IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JONNA MOSELEY-GORBETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-3115 |
| | ) | |
| NBTY, INC. and | ) | |
| VITAMIN WORLD, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendants NBTY, Inc. (NBTY) and Vitamin World Inc.'s (Vitamin World) Motion to Dismiss Plaintiff's Negligence and Strict Liability Claims (d/e 2). Plaintiff Jonna Moseley-Gorbett alleges that she took Echinacea tablets manufactured by NBTY and sold by Vitamin World which contained arsenic and, thereby, suffered injuries. She filed this action in Illinois state court against the Defendants alleging three claims: strict liability (Count I), breach of warranty (Count II), and negligence (Count III). Notice of Removal (d/e 1), Exhibit 1, Complaint. The Defendants removed the action to this Court

1

and now move to dismiss the negligence and strict liability claims on the grounds that they are barred by the statute of limitations. For the reasons set forth below, the Motion is denied. When read in the light most favorable to Moseley-Gorbett, the allegations in the Complaint show that these claims are not barred by the statute.

## STATEMENT OF FACTS

According to the Complaint, Moseley-Gorbett started taking Echinacea tablets manufactured by NBTY and sold by Vitamin World in November 2004, to treat a sore throat. She started feeling ill. She went to her doctor on December 23, 2004. On January 28, 2005, she underwent various testing. On February 7, 2005, one of the tests revealed that she had high levels of arsenic in her body. In March 2005, Moseley-Gorbett's neurologist sent some of her Echinacea tablets to National Medical Services, Inc., to be tested. On or about April 20 2005, the test results indicated that the tablets had arsenic in them. Complaint, ¶¶ 6-13. Moseley-Gorbett brought this action on April 4, 2007. The statute of limitations in Illinois for negligence and strict liability claims is two years. 735 ILCS 5/13-202 and 5/13-213(d).

## ANALYSIS

For purposes of this Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to Moseley-Gorbett.  Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996).  The Complaint should not be dismissed unless it appears beyond doubt that Moseley-Gorbett can prove no set of facts that would entitle her to relief.  Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996).

The statute of limitations began to run when Moseley-Gorbett knew or reasonably should have known of her injury and also that her injury was the result of a wrongful cause.  Nolan v. Johns-Manville Asbestos, 85 Ill.2d 161, 171, 421 N.E.2d 864, 868-69 (Ill., 1981).  "The question of when a party knew or should have known both of an injury and its probable wrongful cause is one of fact, unless the facts are undisputed and only one conclusion may be drawn from them."  Id.  In this case, a jury could conclude that Moseley-Gorbett did not reasonably know that the level of arsenic in her body was from a wrongful cause until she received the results of the tests on the Echinacea tablets on April 20, 2005.  She filed this action

within two years of that date; thus, for purposes of the Motion, her strict liability and negligence claims are not barred.

Defendants argue that Moseley-Gorbett knew or reasonably should have known that her injuries were from a wrongful cause when she received the test results showing arsenic in her blood on February 7, 2005. The allegations in the Complaint establish that she knew her injuries were from the arsenic in her body on February 7, 2005, but the allegations do not establish that she reasonably should have known the source of the arsenic at that time. When read in the light most favorable to Moseley-Gorbett, the allegations indicate that she did not reasonably know that the arsenic was from a wrongful cause until she received the test results on April 20, 2007, showing that the Defendants' pills contained arsenic. The Court must assume that the allegations are true for purposes of the Motion. Thus, her claim is not barred by the statute.

THEREFORE, Defendants' Motion to Dismiss Plaintiff's Negligence and Strict Liability Claims (d/e 2) is DENIED. Defendants are directed to answer Counts I and III of the Complaint by July 16, 2007.

IT IS THEREFORE SO ORDERED.

ENTER:   June 21, 2007.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE
